RECEIPT #_____
AMOUNT: _____

JUN 09 2026

CASHIER'S SIGNATURE

RECEIVED CASHIER

CLERK'S OFFICE USDC PR

2026 JUN 10 AM 9:53

**IN THE UNITED STATES DISTRICT COURT**
**FOR THE DISTRICT OF PUERTO RICO**

SERGII GRYBNIAK,
Plaintiff,

v.

GOOGLE LLC,
Defendant.

Civil No. 26-CV-1366 (SCC)

**COMPLAINT FOR DEFAMATION**
**(JURY TRIAL DEMANDED)**

Plaintiff Sergii Grybniak brings this Complaint against Defendant Google LLC and alleges as follows:

## I. NATURE OF THE ACTION

1. This is a defamation action arising from false statements that Google's artificial-intelligence product, Google Gemini ("Gemini"), has generated and published to third parties about Plaintiff — including that Plaintiff "committed fraud" and conducted a "fraudulent" securities offering.

2. Those statements are false. Plaintiff has never been found liable for fraud, never admitted fraud, and has no criminal record. The single civil regulatory matter on which the statements are loosely based was resolved, on a no-admission basis, exclusively under *non-fraud/negligence* provisions of the federal securities laws — a registration provision and two negligence-based provisions that, as a matter of law, do not require and do not establish fraudulent intent.

3. Google was repeatedly notified of the falsity over approximately seven months, and Gemini itself acknowledged that its statements were "highly inaccurate and damaging" and committed to reflecting the truth — yet Google's product reverted to, and continued publishing, the same falsehoods.

4. The false narrative has caused Plaintiff concrete reputational and economic harm. The same false portrayal of Plaintiff's civil SEC matter — as fraud or criminal misconduct — also appears in the stated basis on which a Puerto Rico government agency denied his Act 60 tax-incentive application, illustrating the real-world harm such falsehoods cause.

5. Plaintiff seeks (i) injunctive relief requiring Google to cease defaming him, whether directly or through the omission of material facts, and (ii) compensatory damages in an amount to be determined by the Court.

6. Plaintiff attaches as Exhibit A representative screen captures of Gemini's defamatory outputs. These captures are representative examples and are *not exhaustive* of Google's defamatory publications or of Plaintiff's evidence. Plaintiff has preserved, and will produce or seek through discovery, additional evidence as described in Part VI below.

## II. PARTIES

7. Plaintiff Sergii Grybniak is an individual and a citizen of the United States domiciled in the Commonwealth of Puerto Rico. He is a researcher and entrepreneur whose professional reputation is central to his work and business.

8. Defendant Google LLC is a limited liability company organized under the laws of the State of Delaware, with its principal place of business at 1600 Amphitheatre Parkway, Mountain View, California 94043. Google LLC is the service provider identified in Google's Terms of Service, and it develops, owns, operates, controls, and publishes Gemini (also offered as "Gemini Apps"), including the product that generated the outputs alleged herein.

## III. JURISDICTION AND VENUE

9. This Court has subject-matter jurisdiction under 28 U.S.C. § 1332(a)(1). Plaintiff is a citizen of the United States domiciled in, and therefore a citizen of, the Commonwealth of Puerto Rico. Defendant Google LLC is not a citizen of Puerto Rico: on information and belief, no member of Google LLC is a citizen of the Commonwealth of Puerto Rico, and Plaintiff will amend these allegations if discovery reveals additional information regarding Google LLC's membership. Complete diversity of citizenship therefore exists, and the amount in controversy exceeds $75,000, exclusive of interest and costs.

10. This Court has personal jurisdiction over Google, which purposefully directs Gemini to users in Puerto Rico and whose tortious conduct was aimed at, and caused harm felt by Plaintiff in, Puerto Rico.

11. Venue is proper under 28 U.S.C. § 1391(b)(2) because a substantial part of the events and omissions giving rise to the claims occurred in this District, including Google's publication and availability of Gemini outputs to users in Puerto Rico, Plaintiff's receipt, investigation, and documentation of substantially similar defamatory outputs while domiciled in Puerto Rico, and reputational, professional, and economic harm suffered by Plaintiff in Puerto Rico, including harm connected to his Act 60 application.

## IV. FACTUAL ALLEGATIONS

### A. The SEC Matter and Its Actual Resolution

12. On January 21, 2020, the U.S. Securities and Exchange Commission ("SEC") filed a civil enforcement action, *SEC v. Grybniak*, No. 1:20-cv-00327-EK-MMH (E.D.N.Y.), naming Plaintiff and Opporty International, Inc. ("Opporty") as defendants and Clever Solution Inc. as a relief defendant, concerning the 2017–2018 initial coin offering ("ICO") of the "OPP Token."

13. As originally pleaded, the SEC's complaint alleged violations of Securities Act Sections 5(a) and 5(c) (registration) and Section 17(a) (all three subsections), and Exchange Act Section 10(b) and Rule 10b-5. It sought sweeping relief, including disgorgement, a permanent officer-and-director bar, injunctions, and civil penalties.

14. On September 24, 2024, the District Court granted the SEC partial summary judgment on a single, *non-fraud* ground: that the OPP Token ICO was an unregistered securities offering in violation of Section 5. The Court made no finding of fraud, deception, or scienter.

15. On February 4, 2025, the District Court entered a final judgment. *Without admitting or denying* the SEC's allegations, Plaintiff and Opporty consented to that judgment, which rests solely on Securities Act Sections 5, 17(a)(2), and 17(a)(3); imposes a $100,000 civil penalty; and imposes a conduct-based injunction of limited duration restricting participation in securities offerings.

16. The final judgment contains *no* liability under Section 17(a)(1) of the Securities Act or under Section 10(b) of the Exchange Act or Rule 10b-5 — the scienter-based fraud provisions originally pleaded. Those fraud claims were never adjudicated and did not survive into the judgment. The final judgment also did not impose the disgorgement or the officer-and-director bar the SEC had sought, and relief defendant Clever Solution Inc. was not held liable. There was never any criminal proceeding of any kind; the matter was civil throughout.

### B. Fraud Requires Scienter; the Surviving Provisions Do Not

17. A statement of fact is fraudulent only where it is (i) false, (ii) material, and (iii) made with *scienter* — intent to deceive or defraud (or severe recklessness). Securities Act Section 17(a)(1) and Exchange Act Section 10(b) / Rule 10b-5 are scienter-based fraud provisions. By contrast, Sections 17(a)(2) and 17(a)(3) require only *negligence* and may be violated with no fraudulent intent whatsoever. *See Aaron v. SEC*, 446 U.S. 680 (1980). Section 5 is a registration provision requiring no showing of fault as to any misrepresentation at all.

18. Accordingly, a resolution resting exclusively on Sections 5, 17(a)(2), and 17(a)(3), on a no-admission basis, is *not* an adjudication of fraud and not an admission of fraud. Plaintiff was never found to have committed fraud, never admitted fraud, and never resolved any claim on a basis consisting of fraud.

2

## C. Gemini's False and Defamatory Statements

19. Gemini is a generative artificial-intelligence product owned and operated by Google. Its outputs are composed and published by Google's own system; they are Google's own first-party statements, not third-party content that Google merely transmits.

20. On or about May 27, 2026, a non-party submitted prompts concerning Plaintiff's background, trustworthiness, and legal history to Gemini and received the defamatory statements reproduced in Exhibit A. The output was contemporaneously preserved by screen recording; Plaintiff has obtained and preserved the native files, with SHA-256 hash values and transmittal records, and will produce them and an authenticating declaration in accordance with the Federal Rules and any protective order:

*Yes, according to the U.S. Securities and Exchange Commission (SEC) and federal court rulings, Sergii "Sergey" Grybniak was legally held responsible for making material misrepresentations and engaging in deceptive conduct related to his cryptocurrency venture.*

21. In the same and related outputs, Gemini described the ICO as "a fraudulent and unregistered Initial Coin Offering"; recited the SEC's original 2020 allegations — including that Plaintiff deceived investors, exaggerated growth, falsified business size, fabricated a partnership, and falsely claimed compliance — as though they were established findings; and stated that Plaintiff "consented to the settlement terms to resolve the fraud and registration violations." True and correct captures are attached as Exhibit A. Plaintiff has preserved additional evidence showing that Google generated and published the same or substantially similar defamatory outputs to users in Puerto Rico and internationally. The captures attached as Exhibit A are representative examples and are not exhaustive of Google's publications or Plaintiff's evidence.

22. Gemini generated these outputs in response to ordinary user prompts capable of being submitted by any member of the public, thereby publishing the statements to persons other than Plaintiff or, at minimum, making them available for republication to third parties.

23. These statements are false. Gemini's direct "Yes" to whether Plaintiff "commit[ted] fraud," and its characterization of the offering as "fraudulent" and of the resolution as one resolving "fraud . . . violations," communicate to a reasonable reader that Plaintiff was adjudicated to have committed, or admitted committing, fraud. That never happened.

24. Gemini compounds the falsity by reciting the SEC's original allegations and demands while omitting the dispositive facts of the actual resolution — that the fraud claims were dropped, that the judgment rests only on a registration provision and two non-scienter, negligence-based provisions that require no intent to deceive and establish no intentional or criminal fraud and no admission of fraud, that it was entered on a no-admission basis, and that there was no criminal proceeding — thereby creating a false overall impression that Plaintiff is an adjudicated fraudster.

## D. Notice, Acknowledgment, and Continued Publication

25. From approximately 18 November 2025 through approximately 25 May 2026, Plaintiff repeatedly notified Google in writing, including through communications to Google's legal department, that Gemini's outputs were false; identified the specific false statements; provided the final judgment and the distinction between scienter-based fraud provisions and negligence-based provisions; and demanded correction. Google did not meaningfully respond.

26. When presented with the corrective facts through its own interface, Gemini acknowledged that omitting the true facts "creates a highly inaccurate and damaging narrative" and "fundamentally distorts the reality of the situation," and expressly committed:

*Moving forward, any representation of this case will explicitly reflect that the intentional fraud charges were dropped, Clever Solution Inc. was fully dismissed, and no fraud was ever proven or admitted.*

27. Notwithstanding that acknowledgment, Google's product reverted to, and continued publishing, the same false statements. Google thus continued to publish statements it knew — through its own system's acknowledgments and through Plaintiff's repeated particularized notices — to be false.

3

## E. Harm in Puerto Rico

28. On September 3, 2025, the Puerto Rico Department of Economic Development and Commerce ("DDEC") denied Plaintiff's application for Act 60 tax-exemption benefits, reciting the SEC's original 2020 allegations and demands as though they described the outcome, while omitting the actual no-admission resolution.

29. The DDEC denial reflects the same materially false narrative at issue here — that Plaintiff's civil SEC matter established fraud or criminal wrongdoing. Plaintiff has no criminal history. The denial demonstrates the concrete reputational and economic harm that results when the civil SEC matter is falsely portrayed as fraud or criminal misconduct.

## F. Fault

30. To the extent Plaintiff is deemed a limited-purpose public figure as to the OPP Token ICO, the actual-malice standard is satisfied: Plaintiff supplied repeated, specific corrections over roughly seven months, identifying the precise false statements and providing the final judgment; Google's own product acknowledged the falsity and committed to correcting it; and Google nonetheless continued to publish the falsehoods — establishing subjective awareness of probable falsity coupled with continued publication. To the extent Plaintiff is a private figure, the negligence standard is satisfied a fortiori.

## V. CAUSES OF ACTION

## Count I — Libel / Defamation Per Se

## *(P.R. Libel and Slander Act, 32 L.P.R.A. § 3141 et seq.; Article 1536 of the Puerto Rico Civil Code (former Article 1802))*

31. Plaintiff re-alleges and incorporates each preceding paragraph.

32. Google published, to third parties, false statements of fact concerning Plaintiff, including that he "commit[ted] fraud" and engaged in a "fraudulent" securities offering.

33. The statements are false and are not substantially true; to the contrary, they are materially more damaging to reputation than the truth, which is that Plaintiff consented, without admitting or denying the allegations, to a judgment under a registration provision and two negligence-based provisions, with a civil penalty and no criminal record.

34. The statements are defamatory per se because they impute the commission of a crime and injure Plaintiff in his trade, profession, and business, and Google published them with the requisite fault as set forth above.

35. As a direct and proximate result, Plaintiff has suffered damages. Because the statements are defamatory per se, damages are presumed to the extent permitted by law. In any event, Plaintiff has suffered actual damages, including reputational harm and the economic harm connected to the Act 60 denial, and other harm to be proven at trial.

## Count II — Defamation by Implication and Material Omission

36. Plaintiff re-alleges and incorporates each preceding paragraph.

37. By reciting the SEC's original allegations and demands while omitting the dispositive facts of the actual resolution — the dropping of the fraud claims, the no-admission basis of the judgment, the non-fraud and negligence nature of the surviving provisions, and the absence of any criminal proceeding — Google created and published a false and defamatory overall impression that Plaintiff is an adjudicated fraudster.

38. Google intended or endorsed that implication, or published it with reckless disregard for the false impression created, particularly after Plaintiff supplied the omitted facts and Google's own product acknowledged that the omissions "create a highly inaccurate and damaging narrative." As a direct and proximate result, Plaintiff has suffered the damages set forth above.

4

### Count III — Defamation (Negligence) (Pleaded in the Alternative)

39. Plaintiff re-alleges and incorporates each preceding paragraph.

40. To the extent Plaintiff is determined to be a private figure and any statement is not actionable per se, Google negligently published false and defamatory statements of fact concerning Plaintiff, breaching its duty to exercise reasonable care to ascertain the truth — especially after notice — and thereby proximately caused Plaintiff actual reputational, professional, and economic harm connected to the false portrayal of his civil SEC matter as fraud or criminal misconduct, including harm associated with the Act 60 denial.

## VI. PRESERVATION AND RESERVATION OF EVIDENCE

41. Exhibit A is representative and not exhaustive. Plaintiff has preserved, and will produce or seek through discovery as appropriate, additional evidence, including without limitation further screen captures and recordings. Plaintiff has also requested that Google preserve relevant dynamic AI-output evidence, logs, model and version information, and related communications.

42. Plaintiff expressly reserves the right to supplement this Complaint and its exhibits following discovery.

## VII. PRAYER FOR RELIEF

## WHEREFORE, PLAINTIFF RESPECTFULLY REQUESTS THAT THE COURT ENTER JUDGMENT IN HIS FAVOR AND AGAINST DEFENDANT GOOGLE LLC, AND GRANT THE FOLLOWING RELIEF:

A. Permanent injunctive relief prohibiting Google from continuing to publish the specific statements adjudicated by this Court to be false and defamatory — including statements that Plaintiff committed fraud, conducted a fraudulent offering, admitted fraud, was adjudicated liable for intentional fraud, or has a criminal history — where such statements are not accompanied by the material facts necessary to render them non-misleading;

B. A declaration that the statements alleged herein are false and defamatory or materially misleading;

C. Compensatory damages in an amount to be determined by the Court at trial, including damages for reputational harm, professional harm, economic harm, and emotional distress;

D. Pre- and post-judgment interest, costs, expenses, and attorneys' fees to the extent permitted by law; and

E. Such other and further relief, including exemplary or punitive relief to the extent available under applicable law, as the Court deems just and proper.

## JURY DEMAND

### PLAINTIFF DEMANDS A TRIAL BY JURY ON ALL ISSUES SO TRIABLE.

DATED: _06.10.2026_

RESPECTFULLY SUBMITTED,

**SERGII GRYBNIAK, PLAINTIFF *PRO SE*, 9 CALLE EMAJAGUA, APT. 8B, SAN JUAN, PUERTO RICO 00913 TELEPHONE: 347 415 98 58 · EMAIL: SERGII@GRYBNIAK.COM DATED: _____, 2026**